**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DANNY ALLEN,** | § | |
| **TDCJ No. 02436332,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-26-CA-0163-XR** |
| | § | |
| **ERIC GUERRERO, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Danny Allen's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8) and Respondent Eric Guerrero's Answer (ECF No. 22) thereto. In his amended § 2254 petition, Petitioner challenges the constitutionality of his 2023 state court murder conviction by raising a variety of barely decipherable claims for relief.[1] In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

---

[1] Petitioner also supports his amended petition with numerous supplemental pleadings that are lengthy and similarly difficult to understand. (ECF Nos. 2, 13-19, and 23-31). To the extent possible, the Court has considered these pleadings when adjudicating Petitioner's request for relief.

## I. Background

In February 2023, a Bexar County jury found Petitioner guilty of first-degree murder and the trial court sentenced him to sixty years of imprisonment. *State v. Allen*, No. 2019CR6311 (379th Dist. Ct., Bexar Cnty., Tex. Feb. 17, 2023).[2] Petitioner's conviction was affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on August 21, 2024. *Allen v. State*, No. 04-23-00133-CR, 2024 WL 3056657 (Tex. App.—San Antonio, June 20, 2024, pet. ref'd);[3] *Allen v. State*, No. PD-0555-24 (Tex. Crim. App.).[4]

Petitioner initially challenged the constitutionality of his state court conviction by filing an application for state habeas corpus relief on February 20, 2023, at the earliest. *Ex parte Allen*, No. 94,383-02 (Tex. Crim. App.).[5] But the Texas Court of Criminal Appeals dismissed this application on May 31, 2023, because Petitioner's direct appeal was still pending.[6] Petitioner later filed a second state habeas application challenging his underlying conviction on July 30, 2024. *Ex parte Allen*, No. 94,383-03 (Tex. Crim. App.).[7] The Texas Court of Criminal Appeals dismissed this application as well on October 16, 2024, this time for failing to comply with the Texas Rules of Appellate Procedure.[8]

---

2 ECF No. 21-3 at 166-67 (Judgment).

3 ECF No. 21-16 (Opinion).

4 ECF No. 21-57 (White Card); *see also* http://www.search.txcourts.gov, search for "Allen, Danny" last visited November 3, 2026.

5 ECF No. 21-65 at 4-17.

6 ECF No. 21-64.

7 ECF No. 21-67 at 4-20.

8 ECF No. 21-68.

Thereafter, Petitioner placed his original federal habeas corpus petition in the prison mail system on December 28, 2025.[9] Petitioner's supplemental brief and amended federal petition followed shortly thereafter.[10]

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final November 19, 2024, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying state conviction expired a year later on November 19, 2025. Because Petitioner did not file his initial § 2254 petition until December 28, 2025—well over a month after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

---

[9] ECF No. 1 at 15.

[10] ECF Nos. 2, 8.

## A. **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented Petitioner from filing a timely petition. There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, an improperly filed state habeas application has no effect on the one-year limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

Here, while Petitioner challenged the instant conviction and sentence by filing two applications for state post-conviction relief, both were dismissed by the Texas Court of Criminal Appeals as improperly filed—one for being filed while direct appeal was still pending, and one for failing to comply with Rules 73.1 and 73.2 of the Texas Rules of Appellate Procedure.[11] As such, neither application tolls the limitations period. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (finding a state habeas application dismissed as noncompliant under Tex. R. App. Proc. 73.1 "is not properly filed"); *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) (finding state habeas application submitted while direct appeal was pending was not "properly filed").

[11] *See* ECF Nos. 21-64 and 21-68.

**B. Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Neither Petitioner's initial § 2254 petition, his amended § 2254 petition, nor any of his supplemental pleadings provide a valid argument for equitably tolling the limitations period in this case. Indeed, even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling. Nor does Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner fails to explain why he waited over fourteen months after the Texas Court of Criminal Appeals dismissed his second state habeas application in October 2024 before filing his initial federal petition in this Court. He also fails to explain why he never returned to state court to submit a properly filed state habeas application once his conviction became final in November 2024.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, although the one-year statute of limitations found in 28 U.S.C. § 2244(d) has been in place since 1996, Petitioner provided no reasonable justification for missing the filing deadline by over a month. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

After careful consideration, the Court concludes that Petitioner's amended federal petition (ECF No. 8) is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Danny Allen's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 4th day of November, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE